

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**ENTERED**
**01/31/2012**

|  |  |  |
|---|---|---|
| **Dennis Faulkner, Plaintiff,** | § | |
| | § | |
| | § | **Miscellaneous Proceeding** |
| **v.** | § | **10-301** |
| | § | |
| **Gary Kornman, et al, Defendants.** | § | |

## <u>MEMORANDUM OPINION</u>

### FACTUAL BACKGROUND

An extensive factual background of this entire miscellaneous proceeding may be found in this Court's previous Memorandum Opinion.  (ECF No. 509).

On September 2, 2011, this Court issued a Document Production Order, (ECF No. 517), requiring Kornman to produce certain documents.  When the documents were not produced, Faulkner filed a Motion for Contempt against Kornman.  (ECF No. 550).  In response to the Motion for Contempt, Kornman did not argue that he complied with the Document Production Order or that compliance was impossible.  (ECF No. 568).  Instead, Kornman argued that this Court did not have subject matter jurisdiction to enforce the final judgment handed down by the Bankruptcy Court for the Northern District of Texas.[1] (*Id.*).

On December 19, 2011, this Court held a related hearing on Faulkner's Motion to Compel Turnover of the Flex-Funds Accounts.  (ECF No. 537).  In his response to this turnover motion, Kornman put forth the same subject matter jurisdiction arguments found in Kornman's response to the Trustee's Motion for Contempt.  (ECF No. 560). At the hearing, the Court

---

[1] Kornman also argued that the Northern District's judgment was not in fact a "final judgment." (*Id.*).  At the hearing Kornman explained that this issue was currently before the Bankruptcy Court for the Northern District of Texas. This Court stated at the hearing that it would not express a view on the matter and reiterated this point in the subsequently issued Contempt Order.  (ECF No. 571).

listened to the subject matter jurisdiction arguments but indicated it believed itself bound by a prior District Court Order issued in an interlocutory appeal.

On January 6, 2012, this Court entered a Contempt Order finding Kornman in civil contempt for not complying with the September 2, 2011 Document Production Order.  (ECF No. 571).  In it, this Court stated:

> As stated on the record at the December 19, 2011 hearing, it is possible that future developments in the Northern District of Texas might later prove Kornman correct in some of his arguments.[2]  This Court expresses no view.  Alternatively, Kornman might be able to convince the District Court for the Southern District of Texas that its initial referral order was improper.  Again, this Court expresses no view.  At the moment, this Court is bound by the District Court's order referring the enforcement action—which the Court interprets as a ruling that this Court has both the constitutional and statutory authority to proceed with this enforcement action.

(ECF No. 571 at 1-2).    Accordingly, this Court relied on two separate District Court orders.  First, this miscellaneous action was referred to the Bankruptcy Judges of this District pursuant to the District Court's automatic order of reference.  A substantial part of Kornman's challenge is that the enforcement matter should never have been referred.  That is a matter determined by the District Judges.  Although the referral is automatic, the referral is nevertheless pursuant to the District Court's order.  Of course, the reference of the proceeding may be withdrawn by the District Court at any time..  After the case was referred, the District Court issued an additional order on which this Court relies.  That order—issued by The Honorable Keith Ellison—is explained in more detail below.   It is unambiguous that Judge Ellison made an oral finding that this Court had subject matter jurisdiction and that Judge Ellison did not withdraw the reference when confronted with the issue.

---

[2] This relates to Kornman's argument that the judgment handed down by the Bankruptcy Court for the Northern District of Texas was not in fact a "final judgment." After entry of the Contempt Order, Judge Houser held that the Northern District judgment was final.  (06-03377-bjh ECF No. 841).

After entry of the Contempt Order, Kornman filed an emergency Motion for Stay Pending Appeal and Certification, (ECF No. 574).

## MATTER STILL PENDING IN THIS COURT

This Court first addresses whether it may rule on these matters now that Kornman has filed his Notice of Appeal, (ECF No. 588).

Bankruptcy Rule 8001(f)(2) states:

A certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a matter is pending for purposes of 28 U.S.C. § 158(d)(2) and this rule.  A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. 158(a)(3).  A matter is pending in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3).

FED. RULE BANKR. P. 8001(f)(2).  Bankruptcy Rule 8007(b) states that the clerk of the district court will docket the appeal once the clerk of the bankruptcy court transmits a copy of the complete record to the clerk of the district court.  FED. RULE BANKR. P. 8007(b).  Until then, certifications for direct appeal are made by the bankruptcy court.  (ECF No. 591).  As of the submission of this Memorandum Opinion, there is no notice of the docketing of the appeal per Rule 8007(b).[3]  Therefore, the matter is still pending in the Bankruptcy Court and these matters should be addressed by the undersigned.

---

[3] On January 24, 2012 the Clerk's Notice of an Appeal under Bankruptcy Rule 8004 was filed.  (ECF No. 591).  The notice specifically states "[t]he appeal has not been docketed" and "[u]ntil it is docketed, certifications for a direct appeal may only be filed in the bankruptcy court."  (*Id.*).

## CERTIFICATION

Kornman requests that this Court certify its January 6, 2012 Contempt Order, (ECF No. 517), to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 158(d)(2)(A)(i) or (iii).  The Court declines to do so.

### Section 158 (d)(2)(A)(i)  ["No Controlling Decision"]

Section 158(d)(2)(A)(i) states:

> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a)[4] if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—(i) the judgment, order, or decree involves a question of law *as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States*, or involves a matter of public importance; . . . and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A)(i) (emphasis added).

Kornman argues that there are no controlling decisions on the following questions of law:

(i)     Was this Court bound by prior rulings of the District Court, and, thus, unable to rule on Kornman's jurisdictional objections?

(ii)    Assuming, *arguendo*, that the alleged "Final Judgment" registered with the Clerk of the Bankruptcy Court is, in fact, a true final judgment, did the Creditor Trustee properly register it in accordance with the procedures required by 28 U.S.C. § 1963?

(iii)   Even assuming, *arguendo*, that the alleged "Final Judgment" is, in fact, a true final judgment, is this Court improperly exercising supplemental jurisdiction under  28 U.S.C. § 1367 in entertaining proceedings to enforce such "Final Judgment"?

---

[4] The first sentence of subsection (a) reads:  The district courts of the United States shall have jurisdiction to hear appeals:  (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1112(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.  28 U.S.C. § 158(a).

> (iv)    Did the registration of the alleged "Final Judgment" with the Clerk of the United States Bankruptcy Court for the Southern District of Texas create a "related to" matter within the Court's subject matter jurisdiction?

(ECF No. 587 at 3).

## QUESTION (i)

This question stems from the Court's statement that it was bound by the District Court's Order. (ECF No. 571). This question is inappropriate for certification. It involves application of "law of the case" principles. Numerous controlling decisions exist. *See, e.g.*, *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 880-81 (5th Cir. 1993) ("The [law of the case] doctrine extends to those issues decided by necessary implication as well as those decided explicitly.") ("As in any other interlocutory appeal, our decision constitutes law of the case."); *see also Fuhrman v. Dretke*, 442 F.3d 893 (5th Cir. 2006) ("Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly *or impliedly decided* by the appellate court.") (emphasis added) (applying a corollary to the "law of the case" doctrine) (quoting *U.S. v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004)).

Whether the Court correctly applied the law of the case doctrine is not the issue. This question is inappropriate for certification because controlling decisions exist. "Simply disputing the application of these [decisions] to the facts in the case at bar does not satisfy [28 U.S.C. § 158(d)(2)(A)(i)]." *In re MPF Holding US L.L.C.*, 444 B.R. 719 (Bankr. S.D. Tex. 2011).

The District Court independently decided the issue of subject matter jurisdiction against Kornman. The issue of subject matter jurisdiction was briefed by Kornman for the District Court, (4:10-cv-02729, ECF No. 1), and was a focal point of the oral argument at the August 9, 2010 hearing before Judge Ellison. Repeatedly during the hearing, Judge Ellison made

statements indicating disagreement with Kornman's jurisdictional arguments, before explicitly stating at the end: "[I] do not think there's any jurisdictional defect in what Judge Isgur did." (Tr. Hr'g Aug. 9, 2010 at 33).   Four days later the District Court issued an Order denying Kornman's Motion to Stay Injunction and Order, stating that "[Even if Kornman had properly sought leave from the Bankruptcy Court to appeal,] the Appellants have not satisfied the requirements for exercise of the Court's discretion to grant a stay . . . ."   The entire interlocutory appeal was later dismissed because Kornman had not sought leave before filing the appeal. (4:10-cv-02729, ECF No. 15).

Although Kornman's interlocutory appeal was inappropriate, Judge Ellison could have—and presumably *would have*—withdrawn the automatic reference sua sponte if he had determined that the Bankruptcy Court lacked authority to issue its rulings.   28 U.S.C. § 157(d).

**QUESTION (ii)**

Whether the Creditor Trustee followed the proper procedures for registering a judgment under 28 U.S.C. § 1963 is a question of fact, not a question of law.   It is therefore inappropriate for certification for immediate appeal to the United States Court of Appeals for the Fifth Circuit.

**QUESTIONS (iii) and (iv)**

These two questions deal with the same issue—whether this Court has subject matter jurisdiction.   As it stands now, these questions are not appropriate for certification because the Contempt Order did not involve a determination of subject matter jurisdiction.   Correctly or incorrectly, this Court held itself bound under "law of the case" principles by the District Court's prior determination that this Court has subject matter jurisdiction.

Moreover, if the law of the case doctrine was incorrectly applied, this Court holds that it has subject matter jurisdiction.   If this alternative holding is necessary, it means the Contempt

Order now involves the question of whether this Court has subject matter jurisdiction.   Once again, however, controlling decisions exist, and are addressed below.   "Simply disputing the application of these [decisions] to the facts in the case at bar does not satisfy [28 U.S.C. § 158(d)(2)(A)(i)]." *In re MPF Holding US L.L.C.*, 444 B.R. 719 (Bankr. S.D. Tex. 2011).

**Section 158 (d)(2)(A)(i) ["Involves a Matter of Public Importance"]**

As an alternative argument under 28 U.S.C. § 158(d)(2)(A)(i), Kornman argues that "the appeal presents a question of importance to the public because it involves a consideration of issues that are fundamental to defining the scope of a bankruptcy court's jurisdiction."  (ECF No. 587 at 4).   The Contempt Order did not involve a determination of subject matter jurisdiction. Instead, the Contempt Order involved a determination by this Court that, under applicable Fifth Circuit precedent, it was bound by the District Court's decision on the issue of subject matter jurisdiction.  (ECF No. 571 at 2).

If the Court incorrectly applied the "law of the case" doctrine, the Contempt Order will involve a determination of subject matter jurisdiction.  Nevertheless, Kornman has failed to meet his burden.  This argument was first raised in a Reply to Faulkner's Response to Kornman's original motion and is wholly undeveloped.  Aside from Kornman's conclusory statement, there is no explanation why these questions of law are a matter of public importance.  Kornman has not met the burden of demonstrating how his appeal involves a matter of such public importance that it should be certified.

**Section 158(d)(2)(A)(iii)**

A court may certify for direct appeal if "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is

taken." 28 U.S.C. § 158(d)(2)(A)(iii).  Kornman argues, essentially, that he has met this burden because: (i) these are important questions; and (ii) either he or Faulkner will appeal an unfavorable District Court ruling.  (ECF No. 574 at 3).  This argument would apply to almost every case or proceeding where both sides are determined to fully pursue all appeals of right.  Kornman has not sufficiently shown how certification to the Fifth Circuit will materially advance the progress of this enforcement proceeding.

## SUBJECT MATTER JURISDICTION

If the Court incorrectly applied the "law of the case" doctrine, the Court now holds that it has subject matter jurisdiction to enforce this registered judgment from the Bankruptcy Court for the Northern District of Texas.

After a judgment becomes final, it may be registered in a foreign district for enforcement. 28 U.S.C. § 1963.  "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."  *Id.* Therefore, a judgment from the Bankruptcy Court for the Northern District of Texas, once properly registered in the Southern District of Texas, may be enforced as a judgment of the District Court for the Southern District of Texas.[5]

The District Court for the Southern District of Texas referred this enforcement proceeding to the Bankruptcy Court for the Southern District of Texas.  District courts may refer proceedings that are related to a case under title 11.  28 U.S.C. § 157(a).  Nothing in the statute mandates that the proceeding relate to a case under title 11 in *this* district.  *Id.*; 28 U.S.C. § 1334(b).  The Court does not interpret 28 U.S.C. § 158 as allowing a direct appeal over a matter that is controlled by unambiguous statutory language.  The language of 28 U.S.C. § 1334

---

[5] This category includes judgments of the Bankruptcy Court for the Southern District of Texas.  Bankruptcy courts constitute a unit of the district court, 28 U.S.C. § 151, and therefore their judgments are judgments of the district court.

contains no ambiguity.  Jurisdiction of matters governed by § 1334 is not limited to a "home court."

> A Third Circuit panel that included now-Justice Alito squarely held:

> [Section] 1334(b) does not confer "related to" jurisdiction only upon the specific district court presently exercising jurisdiction over a particular bankruptcy case "under title 11."  Instead, the district courts generally enjoy § 1334(b)'s grant of "related to" bankruptcy jurisdiction. All district courts are empowered by the statute to hear cases "related to" specific bankruptcies pending in other district courts.

*Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1211–12 (3rd Cir.1991).

Furthermore, any such interpretation would create non-sense out of the bankruptcy removal statute.  That statute mandates that state law proceedings may be removed only to the District Court in which the state law matter is pending.  28 U.S.C. § 1452(a).  Accordingly, if a bankruptcy case is pending in Delaware and a lawsuit is pending in Dallas County, removal is to the Northern District of Texas.  *See, e.g., Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383 (5th Cir. 2010) (affirming 12(b)(6) dismissal by the Northern District of Texas of a case removed from Texas state court where the Northern District had jurisdiction because case was "related to" a Delaware bankruptcy case).  Surely, Congress did not intend to have cases removed to Courts with a want of jurisdiction.  *See Maritime Elec.*, 959 F.2d at 1212 n.3 ("This is all the more clear given 28 U.S.C. § 1452. . . . Since the district in which a civil proceeding "related to" a particular bankruptcy is pending will not necessarily be the same district wherein the bankruptcy case itself is pending, the plain meaning of § 1452 indicates the district courts generally may exercise § 1334(b) jurisdiction.").

This Court has previously held—and today reaffirms—that § 1334 jurisdiction is unambiguously not venue specific:

> Nothing within §§ 1334 or 157 ties bankruptcy jurisdiction … to the location of the debtor's bankruptcy case. The jurisdictional test for bankruptcy court jurisdiction is not whether each cause of action relates to or arises in or under an individual bankruptcy case. The test is whether each cause of action relates to or arises in or under any bankruptcy case.

*Cano v. GMAC Mortg. Corp. (In re Cano)*, 410 B.R. 506, 550-51 (Bankr. S.D. Tex. 2009).

The Fifth Circuit has stated that "an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995) (quoting *FDIC v. Majestic Energy Corp. (In re Majestic Energy Corp.)*, 835 F.2d 87, 93 (5th Cir. 1988)).

A plan has been confirmed in the underlying bankruptcy case. (04-355574-bjh11 No. 1281). Therefore, to be related, this proceeding must meet the heightened standard for postconfirmation jurisdiction. *See U.S. Brass Corp. v. Travelers Ins. Group (In re U.S. Brass Corp.)*, 301 F.3d 296, 304-05 (5th Cir. 2002) (holding that proceedings which pertain to the plan's implementation or execution qualify for postconfirmation jurisdiction) (citing *In re Craig's Stores of Texas*, 266 F.3d 388, 390-91 (5th Cir. 2001)).

This enforcement action is a proceeding pertaining to implementation and execution of the plan. This judgment resulted from causes of action previously owned by Debtor which were transferred to a "Creditor's Trust" under the confirmed plan. (04-355574 Doc. 1201 at 16). The plan and disclosure statement specifically state that the Trustee of the Creditor's Trust will enforce, prosecute, and settle these causes of action, with the proceeds to be distributed to the Debtors' creditors. (*Id.* at 16, 26). Therefore, this enforcement proceeding will aid in the implementation and execution of the plan by obtaining assets for distribution to the Debtor's

creditors—as contemplated in advance by the explicit language of the plan.  Indeed, in the context of the Northern District's confirmed plan, the collection of funds from Kornman's fraudulent conduct was the *sine qua non* of the plan.

This Court has subject matter jurisdiction.

## STAY PENDING APPEAL

The Court denies Kornman's request for a stay pending appeal.

To determine whether a stay pending appeal is warranted, the Court considers four factors:

(i)     Whether the movant has made a showing that there is a likelihood of success on the merits;

(ii)    Whether the movant has made a showing of irreparable injury if the stay is not granted;

(iii)   Whether the granting of the stay would substantially harm the other parties;

(iv)    Whether the granting of the stay would serve the public interest.

*In re First South Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987).  Kornman argues that the "requirement that an appellant demonstrate a probability of success on the merits is relaxed when a serious legal question is involved and the balance of equities weighs heavily in favor of granting the stay."  (ECF No. 574) (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001)).  This is true, but even in those circumstances a movant must show at least a "substantial case on the merits."  *See Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)

Kornman's contentions that the balance of equities weigh heavily in favor of granting the stay appear to lack any merit.  The Court need not address these contentions, however, because Kornman fails to meet the burden of probability of a substantial case on the merits.

If the sole issue were whether this Court is bound by the District Court's Order, Kornman might have met his burden of a "substantial case on the merits." However, this Court independently holds that it unambiguously has subject matter jurisdiction. Kornman has not demonstrated a substantial case that this Court lacks subject matter jurisdiction. Accordingly, the Court denies the motion for a stay pending appeal.

**CONCLUSION**

The Court will issue a separate Order in accordance with this Memorandum Opinion.

SIGNED **January 30, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE