

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/20/2012

| | |
|---|---|
| **Dennis Faulkner, Plaintiff,** § § § | |
| v. § § | Miscellaneous Proceeding 10-301 |
| **Gary Kornman, et al, Defendants.** § § | |

## MEMORANDUM OPINION

The Court grants in part and denies in part the Trustee's Motion to Modify Order Staying Enforcement. (ECF No. 668).

## Factual Background

An extensive factual background may be found in this Court's prior Memorandum Opinions.

## Analysis

The Trustee seeks to modify the Order Staying Enforcement to:

(i) clarify that the Order Staying Enforcement does not stay the Second Contempt Order or, alternatively, require an additional deed of trust executed by Kornman to secure payment of the civil contempt sanctions under the Second Contempt Order[1];

(ii) require joinder of Kornman's spouse to the Deed of Trust; and

(iii) require Kornman to waive the ability to challenge the validity of the Deed of Trust under Texas law.[2]

---

[1] "First Contempt Order" refers to ECF No. 531 while "Second Contempt Order" refers to ECF No. 571.

[2] The Trustee also requested changes to Kornman's proposed injunction regarding the transfer of exempt personal property. (ECF No. 668 at 4). This Court entered its own injunction, which incorporated some of the Trustee's concerns.

**Deed of Trust Securing Civil Contempt Sanctions under Second Contempt Order**

The Second Contempt Order has not been stayed. The daily coercive sanctions continue to accrue and the Trustee may file a motion at any time to liquidate the sanctions and then proceed to enforcement. At that time, Kornman will have the opportunity to provide an appropriate security to stay enforcement pending appeal.

Part of the confusion resulted because the Court's Order Staying Enforcement, (ECF No. 665) read as follows:

> If Kornman secures the reversal or vacatur of the Court's *orders* awarding civil contempt sanctions to the Trustee or prevails on his argument that the sanctions cannot be collected from his exempt assets, . . . .

(ECF No. 665) (emphasis added). The Court will issue an Amended Order Staying Enforcement to change the word "orders" to "order" for clarification.

The Second Contempt Order has not been liquidated. It is premature to issue an order that stays the Second Contempt Order.

The Trustee also states that the "Order Staying Enforcement does not itself specify the contempt orders to which it refers." (ECF No. 668 at 2). The Order Staying Enforcement does state: "The Order to Seize Assets (ECF No. 662) is stayed." (ECF No. 665). The Order to Seize Assets references "all sanctions liquidated by this Court." (ECF No. 662 at 2). The only sanctions the Court liquidated as to Kornman are those related to the First Contempt Order.

There may be a misunderstanding of the term "liquidated." The Court is using the term to mean that a precise amount of sanctions has been determined by the Court as of a certain date. Examples would be the October 7, 2011 Order Awarding Monetary Sanctions, (ECF No. 531),

and the April 13, 2011 Amended Order Finding Vickie Walker in Contempt and for Sanctions, (ECF No. 443).[3]

The coercive civil contempt sanctions under the Second Contempt Order are accruing at a rate certain ($1000 per day). However, those sanctions have not been "liquidated" by an order that Kornman owes a fixed amount in civil contempt sanctions under the Second Contempt Order as of a date certain.

**Joinder of Kornman's Spouse**

The Court rejects the request that Patricia Mason, Kornman's spouse, join in the Deed of Trust. If Kornman is correct and the Deed of Trust is unenforceable, then (i) there may not be a source of collection for the sanctions; or (ii) the Court will impose alternative means of enforcement, such as seizure and sale by Court order.

**Waiver of State Law Challenges**

The Trustee is concerned that Kornman executed as an appropriate security a Deed of Trust that Kornman will later challenge as legally invalid under Texas law. This concern is unfounded.

If Kornman secures the reversal or vacatur of the Court's order awarding civil contempt sanctions or prevails on the argument that the sanctions cannot be collected from his exempt assets, the Deed of Trust will be deemed void *ab initio*. (ECF No. 662). If Kornman loses, his exempt assets (including the real property at issue) may be seized to collect on the sanctions. In the meantime, Kornman is still enjoined from transferring his exempt and nonexempt assets and the Trustee has a recorded Deed of Trust against the real property (which should prevent its alienation).

---

[3] The April 13, 2011 Order liquidated the amount Vickie Walker owed in sanctions from the beginning of her contempt through April 12, 2011. It is unclear at what point thereafter, or even if, Vickie Walker has purged herself of this contempt and thus whether sanctions continue to accrue.

Kornman may attempt, on appeal, to take the legal position that the Deed of Trust is invalid under Texas law. The Deed of Trust will still qualify as an "appropriate security." From a practical point of view, the Deed of Trust should still have its desired effect of maintaining the status quo until an ultimate determination of whether Kornman's exempt property may be used to satisfy the civil contempt sanctions.[4]

Notwithstanding the above, any attack on the deed of trust must be a direct one. If Kornman mounts a collateral attack on the Deed of Trust, the Court will consider the immediate imposition of alternative relief or a termination of the stay.

The Court will not require Kornman to waive his right to challenge the validity of the Deed of Trust in order to obtain a stay; the Court recognizes that an appellate court may determine that Kornman has waived the issue by executing the Deed of Trust in lieu of exercising one of the other alternatives allowed by the Court.

## CONCLUSION

The Court will issue an Amended Order Staying Enforcement in accordance with this Memorandum Opinion.

SIGNED **March 20, 2012.**

                                                         _____
                                                         Marvin Isgur
                                                         UNITED STATES BANKRUPTCY JUDGE

---

[4] The Court notes the possibility that an appellate court would rule that Kornman's exempt property may be used to satisfy the contempt sanctions, but that the Deed of Trust is nevertheless invalid under Texas law. Even if this were to occur, however, the Trustee would still be secure due to the injunction preventing the transfer of Kornman's exempt or nonexempt assets in addition to the fact that the ruling from the Fifth Circuit (warning the Trustee of the impending result) would be released prior to the mandate giving the ruling its effect.