

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/27/2012

| | |
|---|---|
| **Dennis Faulkner, Plaintiff,** § | |
| § | |
| § | Miscellaneous Proceeding |
| v. § | 10-301 |
| § | |
| **Gary Kornman, et al, Defendants.** § | |

### MEMORANDUM OPINION

In its Order of Reference on Pending Appeals from Bankruptcy Court, (ECF No. 805), the District Court referred to the Bankruptcy Court the eight pending appeals from Case No. 10-mp-0301. These appeals have been consolidated at the District Court as Case Number 12-cv-449. The District Court requires this Court to opine as to the appealability of each of the challenged orders.

As this enforcement proceeding was referred under 28 U.S.C. § 157, leave to appeal from the Bankruptcy Court is required to appeal an interlocutory order or decree. 28 U.S.C. § 158(a). It is not necessary to seek leave from the Bankruptcy Court to appeal a final judgment, order, or decree. 28 U.S.C. § 158(a).

Kornman has not sought leave for any of the eight appeals currently pending. Therefore, to be properly before the District Court, the appeals must be from final judgments, orders, or decrees.

### Fifth Circuit Standard of Finality

The Fifth Circuit has addressed the finality of a bankruptcy court order. *See Internal Revenue Serv. v. Orr (In re Orr)*, 180 F.3d 656, 659 (5th Cir. 1999) ("There is [] a lower threshold for meeting the 'final judgments, orders, and decrees' appealability standard under 28 U.S.C. § 158(d) than there is for the textually similar 'final decisions' appealability standard

under 28 U.S.C. § 1291."). The general standard for § 158 finality is that "an appealed bankruptcy order will be considered final if it constitutes either a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case." *See Tax Ease Funding, L.P. v. Thompson (In re Kizzee-Jordan)*, 626 F.3d 239 (5th Cir. 2010).

Nevertheless, the Court concludes that these Fifth Circuit guidelines are applicable to finality in a main bankruptcy case. When dealing with postjudgment enforcement of a judgment in an adversary proceeding, the Court will apply the standards of finality applicable to district court orders. In any event, the Court does not believe the outcomes would be different even if the more liberal finality standard were applied.

**January 6, 2012 Contempt Order (ECF No. 571)**

The January 6, 2012 Contempt Order found Kornman in civil contempt of the September 2, 2011 Document Production Order. The Court imposed daily accruing sanctions to coerce compliance.

In the Fifth Circuit, "a civil contempt order is not 'final' for purposes of appeal unless two actions occur: (1) a finding of contempt is issued; and (2) an appropriate sanction is imposed." *In re United States Abatement Corp.*, 39 F.3d 563 (5th Cir. 1984) (citing *Petroleos Mexicanos v. Crawford Ent., Inc.*, 826 F.2d 392, 393 (5th Cir. 1987)). The fact that the total sanctions the contemnor will eventually owe is unknown at the time of entry of the order does not render the order interlocutory. *See Shuffler v. Heritage Bank*, 720 F.2d 1141, 1145 (9th Cir. 1983) (holding order imposing daily accruing civil contempt sanctions a final order) ("Even though the size of the sanction imposed by the order depends upon the duration of contumacious

behavior occurring after the entry of the contempt order, the order is nonetheless final for purposes of section 1291.").

The January 6, 2012 Contempt Order contained a finding of contempt and issued an appropriate coercive sanction. It is a final, appealable order.

**January 30, 2012 Amended Order (ECF No. 600)**

The January 30, 2012 Amended Order denied Kornman's Motion to Vacate the October 7, 2011 Contempt Order. Kornman also requested a stay of enforcement of the October 7, 2011 Contempt Order. The January 30, 2012 Amended Order stated that the Court would grant Kornman's request for a stay pending appeal on the condition that Kornman post a bond or other appropriate security in accordance with Rule 8005 of the Federal Rules of Bankruptcy Procedure. Kornman declined to post a security and so the request to stay enforcement pending appeal was not granted.

A denial of a motion to vacate is a final order. *See Cadle Co. v. Fisher*, 562 F.3d 369, 371 (5th Cir. 2009) ("The district court's 2007 order denying the motions to vacate is a final order . . . .").

A denial of a request for a stay pending appeal is not a final order. Most postjudgment orders are considered final orders, but not all. *Cadle Co. v. Neubauer*, 562 F.3d 369 (5th Cir. 2009) ("While it is true that most post-judgment orders are final decisions within the ambit of § 1291, not all are. To be final, the post-judgment order must still dispose completely of the issues raised.") (quoting *Motorola, Inc. v. Computer Displays Intern., Inc.*, 739 F.2d 1149 (7th Cir. 1984)). The Seventh Circuit has held that an order denying a stay pending appeal request was not final, although not in a postjudgment context. *See In re Forty-Eight Insulations, Inc.*,

115 F.3d 1294 (7th Cir. 1997) (holding the order not final even under the more liberal finality standard of 28 U.S.C. § 158).

Kornman does have the right to request a stay pending appeal from the district court after denial of the same motion by the bankruptcy court. FED. R. BANKR. P. 8005 ("A motion for [stay of enforcement pending appeal], or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.").

The January 30, 2012 Amended Order is a final order as it relates to the denial of the motion to vacate. The denial of Kornman's request for a stay pending appeal is not a final order, but Kornman is entitled to request the same relief from the District Court.

**March 1, 2012 Memorandum Opinion (ECF No. 649)**

The March 1, 2012 Memorandum Opinion operated as a denial of Walker's motion to reconsider the April 13, 2011 Order finding Walker in civil contempt. A denial of a motion to reconsider is itself a final, appealable order. *See Stone v. INS*, 514 U.S. 386, 401 (1995) ("[T]he denial of the motion [for reconsideration] is appealable as a separate final order . . . ."); *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995).

**March 13, 2012 Order to Seize Assets (ECF No. 662) and March 13, 2012 Memorandum Opinion (ECF No. 663)**

In the March 13, 2012 Memorandum Opinion, the Court ruled that Kornman's exempt assets could be used to satisfy the outstanding contempt judgments. The March 13, 2012 Order directed the United States Marshal's Service to seize Kornman's exempt assets in order to satisfy the outstanding contempt judgments.

As set forth above, most postjudgment orders are considered final orders, but not all. *Cadle Co. v. Neubauer*, 562 F.3d 369 (5th Cir. 2009) ("While it is true that most post-judgment orders are final decisions within the ambit of § 1291, not all are. To be final, the post-judgment order must still dispose completely of the issues raised.") (quoting *Motorola, Inc. v. Computer Displays Intern., Inc.*, 739 F.2d 1149 (7th Cir. 1984)).

Because the March 13, 2012 Order to Seize Assets, with the accompanying Memorandum Opinion, completely disposes of the issue of whether Kornman's exempt assets may be used to satisfy the outstanding contempt judgments, it is a final order.

**March 20, 2012 Amended Order Staying Enforcement (ECF No. 678) and March 20, 2012 Memorandum Opinion (ECF No. 679)**

The March 20, 2012 Amended Order Staying Enforcement slightly modified the March 14, 2012 Order Staying Enforcement, (ECF No. 665). The March 14, 2012 Order Staying Enforcement stayed enforcement of the March 13, 2012 Order to Seize Assets pending appeal.

The March 20, 2012 Amended Order Staying Enforcement did not substantively change the original March 14, 2012 Order Staying Enforcement. The only difference between the two was a slight change in wording in order to clarify the effect of the stay, as explained in the accompanying March 20, 2012 Memorandum Opinion. All of the other changes to the original March 14, 2012 Order Staying Enforcement requested by Faulkner were denied, as set forth in the March 20, 2012 Memorandum Opinion.

For the reasons stated above regarding the January 30, 2012 Amended Order, an order granting a stay pending appeal is not a final, appealable order. Once again, however, either party is entitled under Rule 8005 to request that the district court modify (or terminate) the relief granted by this Court. FED. R. BANKR. P. 8005 ("A motion for [stay of enforcement pending appeal], or for modification or termination of [a stay of enforcement pending appeal] granted by

a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.").

**April 9, 2012 Amended Order (ECF No. 719) & April 5, 2012 Order (ECF No. 711)**

At a hearing on April 5, 2012, the Court found Kornman in civil contempt of both the February 9, 2012 Order (which required Kornman and all agents to turnover certain specified documents) and the related February 24, 2012 Order (which emphasized, although it was already clear, that Kornman and his agents must turnover nonredacted versions of the documents). The evidence showed that Kornman altered evidence prior to turnover in order to prevent Faulkner from discovering material facts. The Court found this to be an intentional violation of its orders.

Both the April 9, 2012 Amended Order and the April 5, 2012 Order were separately appealed. The April 9, 2012 Amended Order superseded the April 5, 2012 Order. The April 9, 2012 Amended Order was not a separate finding of civil contempt—it merely extended the payment deadline. The orders should be considered together.

The April 5, 2012 Order referenced the April 5, 2012 hearing (and thus the civil contempt finding made at the hearing) and imposed an appropriate sanction: Kornman was ordered to pay $5,000.00 to the trustee as compensation for legal fees related to this contempt motion as well as payment of $40,000.00 towards various other judgments outstanding against Kornman. (At the evidentiary hearing on the contempt motion, admitted evidence contradicted Kornman's prior sworn statements that he lacked any nonexempt assets available to pay these judgments).

In the Fifth Circuit, "a civil contempt order is not 'final' for purposes of appeal unless two actions occur: (1) a finding of contempt is issued; and (2) an appropriate sanction is imposed." *In re United States Abatement Corp.*, 39 F.3d 563 (5th Cir. 1994).

The April 5, 2012 Order (as amended by the April 9, 2012 Amended Order) contained a finding of contempt and imposed an appropriate compensatory sanction. It is a final, appealable order.

**May 24, 2012 Order (ECF No. 780) & May 24, 2012 Memorandum Opinion (ECF No. 779)**

The May 24, 2012 Memorandum Opinion found Kornman in civil contempt for violating the April 9, 2012 Amended Order (which required Kornman to pay sanctions for a separate instance of civil contempt). The Court imposed a compensatory sanction of $6,041.00 (the amount of Faulkner's legal fees), which the accompanying May 24, 2012 Order directed Kornman to pay to Faulkner within fifteen business days.

The May 24, 2012 Order, combined with the May 24, 2012 Memorandum Opinion, found Kornman in civil contempt and imposed an appropriate sanction. It is a final, appealable order.

## Conclusion

All of the pending appeals are appeals of final judgments, orders, or decrees of the Bankruptcy Court except:

- The March 20, 2012 Amended Order Staying Enforcement and March 20, 2012 Memorandum Opinion; and
- The January 30, 2012 Amended Order—but only regarding the denial of Kornman's request of a stay pending appeal.

SIGNED **July 27, 2012.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE