

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/27/2012

| | |
|---|---|
| **Dennis Faulkner, Plaintiff,** § | |
| § | Miscellaneous Proceeding |
| v. § | 10-301 |
| § | |
| **Gary Kornman, et al, Defendants.** § | |

## MEMORANDUM OPINION

On July 18, 2012, the United States District Court for the Southern District of Texas remanded the appeal in Civil Action No. 4:12-cv-0854 for the Court to address the following questions:

1. Is the March 1, 2012 Order appealed from within the subject matter jurisdiction of the Bankruptcy Court?

2. Is the Order appealed from a final order?

3. Are the continuing sanctions still in effect against Ms. Vickie Walker?

(ECF No. 813).

## Background

The civil contempt orders at issue relate to a proceeding to enforce a judgment. The underlying judgment was entered against Gary Kornman and various corporate entities in Adversary Proceeding 06-03377-bjh before the United States Bankruptcy Court for the Northern District of Texas. The judgment was registered in the Southern District of Texas pursuant to 28 U.S.C. § 1963. The proceeding to enforce the judgment was referred to this Court pursuant to the District's General Order of Reference (General Order 2005-6) and 28 U.S.C. § 157(a).

This proceeding to enforce a judgment has been marred by extensive discovery disputes. Vickie Walker, whom the Court found to be an agent of the Judgment Debtors, played a key role in these discovery disputes.

On December 2, 2010, the Court found Walker in civil contempt for refusing to comply with the November 4, 2010 Order. (ECF No. 237; 292). Daily sanctions were imposed. (ECF No. 279; ECF No. 509 at 3).

On December 30, 2010, Gary Kornman and other Judgment Debtors filed a Motion to Determine Compliance, arguing that Walker was in compliance with the November 4, 2010 Order as of December 4, 2010. (ECF No. 319). Walker later filed a similar motion. (ECF No. 335).

On April 13, 2011, after several hearings on the issue, the Court found that Walker had not purged herself of contempt. (ECF No. 443). The Court entered an order finding Walker in contempt of the November 4, 2010 Order from December 2, 2010 until at least April 12, 2011. (ECF No. 443). The Court liquidated an amount in sanctions ($126,750.00) for this time period. (ECF No. 443). The Court warned Walker that sanctions would continue to accrue until full compliance. (ECF No. 443). Walker did not appeal the April 13, 2011 Order.

Since April 13, 2011, no motions have been filed either to: (i) deem Walker in compliance as of April 12, 2011 (or some date thereafter); or (ii) deem Walker still in contempt from April 12, 2011 until some date thereafter and liquidate an additional amount in sanctions.

On September 21, 2011, Walker filed Chapter 13 bankruptcy in the Northern District of Texas. (Case No. 11-35954-bjh13, ECF No. 1). A previous case (11-41442), filed in the Eastern District of Texas on May 2, 2011, had been dismissed. In the bankruptcy proceeding in the Northern District of Texas, Judge Houser denied the United States Trustee's motion to dismiss, which was based on the allegation that the case was filed in bad faith to avoid payment of the sanctions. Walker's bankruptcy case is ongoing.

On November 2, 2011, Walker filed a document in this Court entitled "Vickie Walker's Request to Determine Extent and Propriety of Liquidated Damages Under Sanction Orders." (ECF No. 538). Among other things, Walker requested the Court reduce the amount of sanctions liquidated in the April 13, 2011 Order from $126,750.00 to $0.00. (ECF No. 538 at 18).

The Court interpreted the document to be, at least in part, a motion for reconsideration of the April 13, 2011 Order. The Court denied the motion for reconsideration, ruling that: (i) the April 13, 2011 Order was a final order that may not be reconsidered seven months after its entry; and (ii) even if the Court had the ability to reconsider the April 13, 2011 Order, it would decline to do so.

Walker appealed this decision to the United States District Court for the Southern District of Texas. It is this appeal that was remanded.

**Is the March 1, 2012 Order within the subject matter jurisdiction of the Bankruptcy Court?**

For the reasons set forth in this section, the Court concludes:

- This proceeding to enforce a judgment is within the subject matter jurisdiction of the United States District Court for the Southern District of Texas.

- The Bankruptcy Judges of this District are authorized to enforce the judgment.

- As this enforcement proceeding is properly before the Court, the Court has the authority to enter civil contempt sanctions.

- An order denying a motion for reconsideration is within the Bankruptcy Judges' authority.

**Subject Matter Jurisdiction in the District Court**

After a bankruptcy court judgment becomes final, it may be registered in a foreign district for enforcement. 28 U.S.C. § 1963. "A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." *Id.* Therefore, a judgment from the Bankruptcy Court for the Northern District of

Texas, once properly registered in the Southern District of Texas, may be enforced as a judgment of the District Court for the Southern District of Texas. *See Cadle Co. v. Neubauer*, 562 F.3d 369 (5th Cir. 2009) ("Therefore, under the plain language of § 1963, [the] registration of the Arizona final judgment in the Northern District of Texas is treated as a final judgment of the Northern District of Texas.").

Bankruptcy judges operate as units of the district court under 28 U.S.C. § 151. Although not issued by an Article III appointee, bankruptcy court judgments are nevertheless judgments of the district court. *See United States v. Guariglia*, 962 F.2d 160 (2d Cir. 1992) ("As an Order originating from a unit of the district court, it necessarily follows that the Order constitutes an Order of both the bankruptcy court *and* the district court for the district encompassing the bankruptcy court from which the Order emanated."). Section 1963's reference to a "judgment of the district court" is not limited to judgments issued by district court judges. The judgment of the Bankruptcy Court for the Northern District of Texas may be enforced as a judgment of the Bankruptcy Court for the Southern District of Texas (a type of judgment of the District Court for the Southern District of Texas).

The Memorandum Opinion of the Bankruptcy Court for the Northern District of Texas, to which the underlying judgment relates, contained a finding of proper § 1334 subject matter jurisdiction over the adversary proceeding. *In re The Heritage Organization, LLC*, 413 B.R. 438, 451 (Bankr. N.D. Tex. 2009) ("The Court has jurisdiction over the parties and the issues in accordance with 28 U.S.C. §§ 1334 and 157(b)"). The finding of proper subject matter jurisdiction accompanies the foreign judgment when registered in the Southern District of Texas. It is as if the Bankruptcy Court for the Southern District of Texas entered a judgment in the original adversary proceeding itself (after finding subject matter jurisdiction). *See Cadle Co. v.*

*Neubauer*, 562 F.3d 369 (5th Cir. 2009) ("Therefore, under the plain language of § 1963, [the] registration of the Arizona final judgment in the Northern District of Texas is treated as a final judgment of the Northern District of Texas.").

A determination of subject matter jurisdiction must be challenged on direct appeal, it cannot be collaterally attacked. *See Rogers v. Ingolia*, 424 Fed. Appx. 283 (5th Cir. 2011) (citing an unpublished Fifth Circuit opinion stating that "although subject matter jurisdiction can be raised at any time in a proceeding, once it has been litigated and judgment becomes final, the determination has res judicata effect) (citing *In re Eagle Bus Mgf.*, No. 00-40500, 2000 WL 1701717 (5th Cir. Oct. 27, 2000)).

Bankruptcy courts have jurisdiction to enforce their own orders. *Credit Agricole Indosuez v. JLH, L.L.C.*, 2000 U.S. Dist. LEXIS 881 (E.D. La. Jan. 31, 2000) (rejecting argument bankruptcy court lacked jurisdiction to enforce settlement agreement) ("A bankruptcy court, like any other court, has inherent power to enforce its own judgments.") (citing *Peacock v. Thomas*, 516 U.S. 349 (1996)), *aff'd sub. nom*, *In re JLH, L.L.C.*, 239 F.3d 366 (5th Cir. La. 2000). Just as this Court would have jurisdiction to conduct enforcement proceedings if it issued the underlying judgment, the Court has jurisdiction to conduct enforcement proceedings related to a judgment properly registered in this district (assuming the enforcement proceedings were referred to the Bankruptcy Court after registration of the judgment).

The District Court has subject matter jurisdiction in this enforcement proceeding. As set forth below, authority to exercise that jurisdiction is vested in the bankruptcy judges of the District.

**Authority with the Bankruptcy Judges**

Given the finding of § 1334 subject matter jurisdiction that accompanied the judgment upon its registration, referral of the enforcement proceedings to this Court was proper. 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."). Given the posture of this case, this enforcement proceeding was properly referred to the bankruptcy judges.

This is not the type of matter that raises a serious issue about authority under *Stern v. Marshall*, 131 S.Ct. 2594 (2011). The Fifth Circuit holds that bankruptcy judges have the authority to enforce their own judgments. *Credit Agricole Indosuez v. JLH, L.L.C.*, 2000 U.S. Dist. LEXIS 881 (E.D. La. Jan. 31, 2000) (rejecting argument bankruptcy court lacked jurisdiction to enforce settlement agreement) ("A bankruptcy court, like any other court, has inherent power to enforce its own judgments.") (citing *Peacock v. Thomas*, 516 U.S. 349 (1996)), *aff'd sub. nom*, *In re JLH, L.L.C.*, 239 F.3d 366 (5th Cir. La. 2000). When a Supreme Court opinion does not directly overrule Fifth Circuit precedent, the precedential opinion controls. *Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 405 (5th Cir. 2012). Accordingly, the Court retains authority post-*Stern*.

**Civil Contempt Authority**

The Court will next address its authority to enter civil contempt sanctions. Bankruptcy courts have both inherent authority and statutory authority to enter civil contempt sanctions. The Fifth Circuit held that § 105 of the Bankruptcy Code provides the statutory authority to conduct civil contempt proceedings. *See Placid Refining Co. v. Terrebone Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.)*, 108 F.3d 609, 613 (5th Cir. 1997) ("[W]e assent with the

majority of the circuits . . . that a bankruptcy court's power to conduct civil contempt proceedings and issue orders in accordance with the outcome of those proceedings lies in 11 U.S.C. § 105."). The Fifth Circuit has also approved of the imposition of sanctions against litigants for bad-faith conduct under a bankruptcy court's inherent authority. *See Leonard v. Luedtke (In re Yorkshire LLC)*, 540 F.3d 328, 332 (5th Cir. 2008) ("It is well-settled that a federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct."). The Court had the authority to impose civil contempt sanctions on Walker.

**Authority Over Motion for Reconsideration**

Finally, the March 1, 2012 Memorandum Opinion, which operated as an order denying Walker's motion for reconsideration of the April 13, 2011 Order, was within the Court's subject matter jurisdiction. Rule 9024 of the Federal Rules of Bankruptcy Procedure 9024 makes Rule 60 of the Federal Rules of Civil Procedure applicable in cases under the Bankruptcy Code (absent a few exceptions not applicable here). FED. R. BANKR. P. 9024. Under F.R.C.P. 60(b), a party may move for relief from a judgment or order in certain circumstances. Assuming the proceeding was properly before the Bankruptcy Court, the Bankruptcy Court's denial of Walker's motion for reconsideration was within the subject matter jurisdiction of the District Court and the authority of the bankruptcy judge.

**Is the March 1, 2012 Order a final order?**

The Court's March 1, 2012 Memorandum Opinion operated as a denial of Walker's motion to reconsider the April 13, 2011 Order. It is therefore a separate final order. *See Stone v.*

*INS*, 514 U.S. 386, 401 (1995) ("[T]he denial of the motion [for reconsideration] is appealable as a separate final order . . . ."); *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995).

The underlying April 13, 2011 Order, which found Vickie Walker in civil contempt from December 2, 2010 until April 12, 2011 and imposed an appropriate sanction ($126,750.00), was also final. In the Fifth Circuit, "a civil contempt order is not 'final' for purposes of appeal unless two actions occur: (1) a finding of contempt is issued; and (2) an appropriate sanction is imposed." *In re United States Abatement Corp.*, 39 F.3d 563 (5th Cir. 1994).

**Are the continuing sanctions still in effect against Walker?**

An evidentiary hearing is required to determine whether Walker is still in contempt (and thus whether the sanctions against her continue to accrue) or the date by which Walker purged herself of contempt.

As stated above, after entry of the April 13, 2011 order, no motions have been filed to either: (i) deem Walker in compliance as of April 12, 2011 (or some later date); or (ii) deem Walker still in contempt after April 12, 2011 and to liquidate any further amount in sanctions against her. At a hearing on February 16, 2012, the Court stated to the parties its intention to take up the issue of Walker's continued contempt, or subsequent compliance, only after the filing of a motion by either party.

Walker remains a debtor in the Northern District of Texas. The Court does not believe that the automatic stay applies to contempt sanctions under the police and regulatory power exception under § 362(b)(4). Nevertheless, out of an abundance of caution, the Court requires the Trustee to seek an expedited ruling on the issue from the Bankruptcy Court for the Northern District of Texas.

## Conclusion

The Court is prepared to address any additional questions posed by the District Court. The ruling of the Bankruptcy Court for the Northern District of Texas will determine whether or not this Court sets an evidentiary hearing on the question of whether Walker is in compliance with the Court's orders. Following the conclusion of the evidentiary hearing, this Memorandum Opinion will be supplemented.

SIGNED **July 27, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE