

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/25/2012

| | |
|---|---|
| **Dennis Faulkner, Plaintiff,** § | |
| § | **Miscellaneous Proceeding** |
| v. § | **10-301** |
| § | |
| **Gary Kornman, et al, Defendants.** § | |

## MEMORANDUM OPINION

Dennis Faulker seeks a finding that Gary Kornman violated the Court's Amended Order, (ECF No. 719), by failing to file sufficient monthly financial reports.

Faulkner has shown a sufficient factual basis for his allegation that Kornman's monthly financial reports are insufficient.  Within fourteen days of the entry of the Order accompanying this Memorandum Opinion, Kornman must either: (i) amend his previously filed monthly reports; or (ii) demonstrate that the monthly financial reports comply with all aspects of the Amended Order.[1]  Otherwise, a contempt hearing will be scheduled.

The Court will schedule a status conference to determine whether the Injunction and Case Management Order, (ECF No. 74), and the Amended Order, (ECF No. 719), should be modified after entry of the Findings of Fact and Conclusions of Law, (ECF No. 852-1), in the related state court proceedings.  The outcome of the status conference will not affect Kornman's duty to file amended monthly financial reports (or otherwise demonstrate compliance with the Amended Order) for periods prior to the status conference.

All other relief requested by Faulkner is denied.

---

[1] As discussed in further detail below, the Court did not intend for the Amended Order to require Kornman to list every nominal cash expenditure.  In the amended reports, Kornman is not required to list every nominal cash expenditure.

**Background**

This dispute arises in the context of a proceeding to enforce a judgment.

Dennis Faulkner obtained a judgment against Gary Kornman (and various corporate entities) in the United States Bankruptcy Court for the Northern District of Texas. (ECF No. 1).[2] On March 9, 2010, Faulkner registered the judgment in the Southern District of Texas pursuant to 28 U.S.C. § 1963. (ECF No. 1). The proceeding was referred to this Court pursuant to the Southern District's General Order of Reference (General Order 2005-6) and 28 U.S.C. § 157(a).

On July 14, 2010, the Court entered an Injunction and Case Management Order, which stated in relevant part that:

> [N]either Kornman nor any other person acting with his authority may spend more than $9,000.00 per month in total (starting July 14, 2010) for living expenses out of the property identified by him, with such living expenses to be for any purpose that he deems appropriate. Not more than $9,000.00 may be spent per month, in total.
>
> The Judgment Debtors may seek authority from this Court to expend sums in excess of the $9,000.00 total, for purposes deemed appropriate by the Judgment Debtors. These purposes may include legal fees, business expenses or other expenses. No funds may be expended for these requests unless so ordered by this Court.

(ECF No. 74 at 2). This spending injunction remains in place.

Extensive discovery disputes have complicated this proceeding to enforce a judgment. (ECF Nos. 509, 571, 597, 649, 663). This Court has repeatedly found Kornman in contempt. (ECF Nos. 509, 571, 719).

On April 5, 2012, during a hearing related to a separate contempt motion, this Court again found Kornman in contempt. Subsequently, the Court entered an Order sanctioning Kornman for his contempt. (ECF No. 711). This Order was superseded by an Amended Order dated April 9,

---

[2] The judgment was entered in *Faulker v. Kornman*, Case No. 06-3377, which is an adversary proceeding related to the main bankruptcy case of The Heritage Organization, LLC, Case No. 04-35574. Kornman is not a debtor in a bankruptcy case.

2012.  (ECF No. 719).

The Amended Order required the following:

> In addition, Kornman must file monthly reports with this Court not later than 15 days after the close of each month.  These reports will list all funds spent and received by Kornman during the prior month and will include copies of all bank account statements, credit card statements, and all other financial records reflecting receipts and disbursements.

(ECF No. 719).  In other words, the Amended Order requires Kornman to:

- list all of Kornman's expenditures each month (whether or not supporting financial records of these expenditures exist);

- list all funds received by Kornman each month (whether or not supporting financial records exist); and

- include copies of all financial records reflecting receipts or disbursements[3] of funds by Kornman.

(ECF No. 719).  Kornman filed his first monthly report on April 16, 2012.  (ECF No. 731). Kornman filed a financial report each subsequent month.  (ECF Nos. 775, 797, 811, 834, 847, 851).

After Kornman filed the third monthly report on July 16, 2012, (ECF No. 811), Faulkner filed this Motion for Contempt and Motion to Compel, (ECF No. 825).  Kornman filed a response on August 24, 2012.  (ECF No. 840).

## Analysis

### I. Motion for Contempt

Kornman's monthly financial reports typically contain: (i) a copy of his monthly $2,004.00 social security check; (ii) copies of all of his credit card statements (including expenses, interest charged, and payments received by the credit card company); (iii) receipts for cash expenditures of

---

[3] The term disbursement encapsulates both amounts spent by Kornman and amounts that Kornman caused to be paid. Therefore, Kornman must disclose any financial records relating to amounts spent, received, or disbursed.  (ECF No. 719) ("financial records reflecting the receipts and disbursements").

more than $50.00[4]; and, (iv) copies of any invoices from Kornman's counsel's firm. (ECF Nos. 731, 775, 797, 811, 834, 847, 851).[5]

Faulkner argues that Kornman violated the Amended Order because the monthly filing reports are insufficient. Specifically, Faulkner argues that the monthly filing reports do not:

- disclose Kornman's receipts of funds;

- document expenses paid by Kornman in cash;

- include any information regarding whether other persons or entities have been incurring or paying expenses on Kornman's behalf (and, if so, the source of such funds) or at Kornman's direction; or

- provide bank statements or other financial records of any kind, other than credit card statements.

(ECF No. 825 at 2). Faulkner requests that a hearing be held and that Kornman be found in contempt. (ECF No. 825 at 6). As discussed below, a contempt hearing will be scheduled only if Kornman fails to properly amend the previously filed monthly reports or fails to demonstrate that the previously filed monthly reports comply with the Amended Order.

### A. Failure to Disclose Funds Received

Faulkner has set forth no factual support for his allegation that Kornman failed to disclose funds received.

Kornman has submitted copies of his monthly social security check with each financial report. Faulkner does not allege that Kornman directly received additional funds in any month.

A separate issue is whether payments made by third-parties directly to credit card companies on Kornman's behalf constitute funds received by Kornman. If so, Kornman would be

---

[4] The term "nominal cash expenditures" will be used to refer to cash expenditures of less than $50.00.

[5] On occasion the monthly reports contain additional financial records. For instance, the May 2012 financial report contained financial records related to Kornman's exempt IRA account. (ECF No. 797-1). The Court allowed Kornman to pay his counsel $120,000.00 using these exempt assets. (ECF No. 722). Most monthly reports, however, stick to this general formula.

required to produce the financial records related to these payments.

This issue relates to the third alleged violation (that Kornman has not identified or otherwise provided information regarding third-parties who are incurring or paying expenses on his behalf). This issue will be addressed in that later section.

### B. Failure to Document Cash Expenditures

Faulkner's second allegation is that "Kornman failed to document . . . expenses paid by Kornman in cash, including any information regarding whether other persons or entities have been incurring or paying expenses on Kornman's behalf (and, if so, the source of such funds) or at his direction." (ECF No. 825 at 5).[6]

Kornman's response argues, and Faulkner does not dispute, that the monthly financial reports include receipts for all cash expenditures over $50.00 made after imposition of the reporting requirement in mid-April 2012. (ECF No. 840 at 7). Kornman states that there are no records for nominal cash expenditures and therefore he has no additional records to turn over. (ECF No. 840 at 7).

The Amended Order does not include an exception for nominal cash expenditures. (ECF No. 719). Therefore, read as is, the Amended Order requires that Kornman list his monthly nominal cash expenditures and turn over any related financial records.

There is no evidence that financial records of these nominal cash expenditures exist. In other words, there is no evidence Kornman refuses to turn over relevant financial records (at least as it relates to these nominal cash expenditures).

---

[6] This allegation comprises two arguments. Faulkner argues that Kornman violated the Amended Order both for failing to properly document his own cash expenditures and for failing to produce information on individuals who are paying expenses in cash on Kornman's behalf. The second portion of this allegation will be addressed in the next section, as it is essentially the same as Faulkner's third allegation (that Kornman has failed to turn over financial records relating to payments made by third-parties on his behalf).

The Court finds that the Amended Order should not require Kornman to list nominal cash expenditures. If the Injunction and Case Management Order, (ECF No. 74), and the Amended Order, (ECF No. 719), remain in effect after the status conference, the Amended Order will be modified to exclude Kornman's obligation to account for every nominal cash expenditure. However, the proceeds of any cashed social security check will be automatically applied to his $9,000.00 monthly spending limit.

### C. Failure to Include Information about Persons or Entities Incurring or Paying Kornman's Expenses

Faulkner's third allegation is that Kornman violated the Amended Order by failing to produce financial records relating to third-parties who pay Kornman's credit card bills directly (or who pay or incur other expenses on Kornman's behalf). (ECF No. 825 at 4, 5).

Faulkner does not provide any factual support for the allegation that third-parties are incurring expenses on Kornman's behalf.

There is factual support for the allegation that third-parties are paying Kornman's expenses on his behalf. The monthly financial reports include credit card statements which clearly indicate that payments are being made. Kornman admits that these are third-party payments made by a spendthrift trust. (ECF No. 840 at 6) ("As disclosed to [Faulkner's counsel] on July 20, 2012, a spendthrift trust of which Kornman is a beneficiary makes periodic disbursements to pay Kornman's credit card liabilities where such payments exceed the sum of Kornman's monthly social security check. The spendthrift trust pays the credit card company, and those payments are reflected on the credit card statements provided to [Faulkner] by Kornman."). Whether the Amended Order requires Kornman to produce the related financial records depends on whether these payments are made at Kornman's direction. If so, he must turn over the financial records.

There is factual support for Faulkner's allegation that Kornman disburses these funds by

causing the spendthrift trust to pay his credit card bills directly. Although Kornman does not identify the specific trust making these payments,[7] he describes it as a spendthrift trust established and funded by Kornman's mother and governed by Alaskan law. (ECF No. 840 at 6 n.2). In his response to Faulker's contempt motion, Kornman acknowledges that he is a beneficiary of the spendthrift trust making these payments but does not address whether he is also a trustee (and thus, whether he has the ability to disburse these funds). (ECF No. 840 at 6). However, in his initial declaration of assets, Kornman acknowledged that he is a trustee or co-trustee in various trusts for which he is also a beneficiary. (ECF No. 109 at 3 n.1).

The Trust Agreement and Deed of Trust for the "Millennium 2000 Trust" provide an example of a trust for which Kornman is both trustee and beneficiary. (ECF No. 380-1 at 4). The Millenium 2000 Trust is governed by Alaskan law and the Grantor is Dorothy P. Kornman (Kornman's mother). (ECF No. 380-1 at 5). Gary M. Kornman is the "Family Trustee." (ECF No. 380-1 at 5). As the Family Trustee, Kornman has the capacity to distribute both the income and principal to himself. (ECF No. 380-1 at 7).

Again, Kornman has not indicated which trust makes these payments. However, in the initial declaration of assets, Kornman identifies only two types of trusts: (i) trusts set up by Kornman's father or mother, for which he is both trustee and beneficiary; and, (ii) trusts set up by Kornman himself, for which Kornman is not a beneficiary. (ECF No. 109 at 3 n.1). Given this

---

[7] Kornman acknowledged in his initial declaration of assets that he has beneficial interests in numerous trusts:
> Gary Kornman is either a trustee or co-trustee of various trusts established by Grantors other than himself. These various trusts are "spendthrift" trusts and as such are not subject to any claims of his creditors, nor are they any assets of his. Most of these trust documents, if not all, of these "spendthrift" trusts have already been produced to [Faulkner]. Other than "spendthrift" trusts established from the estate planning of Mr. Kornman's Father and Mother, Mr. Kornman shares the beneficial interest in these trusts with Michael Kornman, Grant Kornman, Claire Kornman and Katherine Kornman. Mr. Kornman is not a beneficiary of any trusts of which he is the Grantor.

(ECF No. 109 at 3 n.1).

prior statement, and Kornman's description of the trust included in his response to this contempt motion, it appears that these payments are indeed made from a trust for which Kornman is both a trustee and beneficiary.

These payments constitute funds disbursed by Kornman. Kornman did not include financial records related to these payments with his monthly reports. Kornman argues that there are no such financial records.[8] This is an incredible statement. The trust makes the payments by check, wire transfer, cash withdrawal or in some other manner that should result in the existence of a document.

Within fourteen days of entry of the Order accompanying this Memorandum Opinion, Kornman must either: (i) amend the previously filed monthly financial reports to include these records; or, (ii) demonstrate that the previously filed monthly reports comply with the Amended Order. Otherwise, the Court will schedule a contempt hearing.

### D. Failure to Provide Financial Information Other than Credit Card Statements

The last alleged violation is that Kornman failed to "provide bank statements, or other financial records of any kind, other than credit card statements." (ECF No. 825 at 2).

The Amended Order requires Kornman to produce financial records reflecting funds received, spent, or disbursed. (ECF No. 719). Faulkner provides no factual support for his allegation that Kornman has additional such records that he refuses to produce (other than the financial records related to payments made by the spendthrift trust).

By way of an example, Faulkner mentions Kornman's failure to produce bank statements. (ECF No. 825 at 2). Under the terms of the Amended Order, Kornman must produce bank

---

[8] "The spendthrift trust pays cash directly to the credit card company, and those payments are reflected on the credit card statements provided to the Creditor Trustee by Kornman. There are no other financial records or receipts of these transactions to be produced." (ECF No. 840 at 6).

statements reflecting funds received, spent, or disbursed by him.  (ECF No. 719).  Kornman states that his only income is his monthly social security check.  (ECF No. 840 at 4-5).  Instead of depositing the check in a bank account, Kornman claims that he cashes the check and uses the proceeds to cover cash expenditures.  (ECF No. 731 at 1-2).  Kornman alleges that he pays for other nonlegal expenses only by cash or credit card, not by check.  (ECF Nos. 731, 775, 797, 811, 834, 847, 851).  Faulkner offers nothing substantive to disprove these allegations.

The Amended Order only requires the production of financial records reflecting funds received, spent, or disbursed by Kornman.  Faulkner has failed to demonstrate a violation of the Amended Order in this respect (other than the financial records related to payments made by the spendthrift trust).

## II. Motion to Compel

Faulkner's motion also requests that the Court provide the following relief:

- Compel Kornman to amend his monthly reports (past and ongoing) to (a) fully document (1) Kornman's receipt of funds; (2) expenses paid by Kornman in cash, including any information regarding whether other persons or entities have been incurring or paying expenses on Kornman's behalf (and, if so, the source of such funds); (3) expenses paid at Kornman's direction or on his behalf, and (b) produce all bank statements and other financial records of any kind relating to receipts and expenditures; such amended reports should be filed within five business days after the Court's order and the Court should impose daily sanctions for failure to file timely and complete reports;

- Supplement its prior orders [Dkts. #711, 719] to clarify that Kornman, in his monthly reports, shall include information both as to expenses he incurs or accrues each month and as to expenses he pays each month, and that Court permission is needed by Kornman to either (a) accrue or incur more than $9,000 in expenses in any one month, or (b) to make cash expenditures of more than $9,000 in any one month; . . . .

(ECF No. 825 at 7).

### A. Amendments to the Previously Filed Monthly Reports

As stated above, within fourteen days of entry of the Order accompanying this

Memorandum Opinion, Kornman must either: (i) amend the previously filed monthly financial reports to include financial records related to all payments made by spendthrift trusts at his direction; or, (ii) demonstrate that the previously filed monthly financial reports comply with the Amended Order.  Otherwise, the Court will schedule a contempt hearing.

### B.  Clarification of the Amended Order

As stated above, the Court will schedule a status conference to determine whether the Injunction and Case Management Order, (ECF No. 74), and the Amended Order, (ECF No. 719), should be modified after entry of the Findings of Fact and Conclusions of Law, (ECF No. 852-1), in the related state court proceedings.  At this status conference, the Court will consider proposed modifications to the Amended Order.

The Court originally imposed a $9,000.00 monthly spending limit and deferred (at Kornman's request) to the state courts to determine which of Kornman's property would be exempt from creditor claims.  The spending limit was an attempt to maintain the status quo pending the outcome of the state court proceedings.  Now that the state court has determined Kornman's exemptions, the Court questions the continued vitality of the monthly spending restriction.  The Court is inclined to allow Faulkner to seize all nonexempt property and for Kornman to be able exercise unfettered control over his exempt property.  The parties should be prepared to discuss this issue at the status conference.

### Conclusion

The Court will enter an Order in accordance with this Memorandum Opinion.

SIGNED **October 25, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE