

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/06/2015

| | | |
|---|---|---|
| **DENNIS FAULKNER** | § | MISC CASE NO: 10-301 |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| **GARY KORNMAN,** *et al* | § | |
| Defendants | § | |
| | § | |

### MEMORANDUM OPINION REGARDING POST-JUDGMENT *STERN* AUTHORITY

#### Background

On March 9, 2010, Dennis Faulkner registered a judgment against Gary Kornman that had been issued by the United States Bankruptcy Court for the Northern District of Texas. This Court has held—and has been repeatedly affirmed on appeal—that it has both subject matter jurisdiction and authority to enforce the Northern District judgment.

Without limiting or altering the Court's prior opinions, this Court found that it had "related to" jurisdiction under § 1334 to enforce the registered judgment. "Related to" jurisdiction existed because the registered judgment arose out of the bankruptcy of The Heritage Organization, LLC.

On October 16, 2014, Mr. Kornman notified the Court that the Heritage Organization LLC bankruptcy case was administratively closed on July 22, 2014. The general rule in this Circuit is that "related to" jurisdiction exists so long as the outcome of the litigation could "conceivably affect" the estate's assets or liabilities. *In re Wood,* 825 F.2d 90 (5th Cir, 1987). A proceeding filed after a chapter 11 bankruptcy case is closed rarely affects the assets or liabilities of an estate. *See In re Bass,* 171 F.3d 1016 (5th Cir. 1999).

However, subject matter is determined as of the date of commencement of a suit. *Carlton v. Baww,* 751 F.2d 781, 785 (5th Cir. 1985). A subsequent change in circumstances will not terminate subject matter jurisdiction that existed at the commencement of the case. *Id.*

When the Northern District judgment was registered in this District, the judgment became the judgment of this Court. 28 U.S.C. § 1963. A court has continuing subject matter jurisdiction to enforce its own orders and judgments. *Bryan v. BellSouth Communications, Inc.,* 492 F.3d 231 (4th Cir. 2007).

### *Stern v. Marshall,* 131 S. Ct. 2594 (2011)

On June 23, 2011, the United States Supreme Court issued *Stern v. Marshall,* 131 S. Ct. 2594 (2011). *Stern* holds that bankruptcy judges do not have the authority to issue final judgments or orders in certain matters. Prior to the closing of the Heritage bankruptcy case, this Court held that it had appropriate authority to enforce the registered judgment. Although Kornman challenged the Court's *Stern* authority, the Court's *Stern* authority was affirmed by the United States District Court and by the Fifth Circuit Court of Appeals. *See Kornman v. Faulkner,* Cause No. 12-20784 (5th Cir. November 5, 2013).

The issue before the Court is whether this Court may adjudicate matters concerning the enforcement of the registered judgment under *Stern*, after the Heritage bankruptcy case was closed. As far as this Court can determine, the issue is one of first impression.

The Fifth Circuit has considered *Stern* issues on at least 11 additional occasions:

| Case | *Stern* Issue | Result |
|---|---|---|
| *U.S. Bank Nat. Ass'n v. Verizon Communications, Inc.,* 761 F.3d 409 (5th Cir. 2014) | Whether *Stern* should be extended to overrule the effect of the filing of a proof of claim on a right to a jury trial under *Langenkamp v. Culp,* 111 S. Ct. 330 (1990)? | The Court declined to extend Stern in a manner that would overrule *Langenkamp*. |

| Case | *Stern* Issue | Result |
|---|---|---|
| *In re Davis,* 538 Fed. Appx. 440 (5th Cir. 2013). | Whether *Stern* established an absence of subject matter jurisdiction over a counterclaim for the post-petition actions of a trustee? | *Stern* is limited in its application, and the Fifth Circuit would not "extend *Stern's* limited holding." |
| *In re Renaissance Hosp. Grand Prairie Inc.,* 713 F.3d 285 (5th Cir. 2013). | Whether *Stern* should be extended to preclude a bankruptcy court from issuing final judgments regarding the validity, extent or priority of liens? | Court declined to extend *Stern* to lien disputes. |
| *Technical Automation Services Corp. v. Liberty Surplus Ins. Corp.,* 673 F.3d 399 (5th Cir. 2012). | Whether *Stern's* authority limitations extend to magistrate judges? | Declined to overrule a prior panel decision because *Stern* did not unequivocally overrule the prior decision. |
| *In re Frazin,* 732 F.3d 313 (5th Cir. 2013. | Whether *Stern* allowed entry of a final judgment on a state law counterclaim that was intertwined with a matter over which the bankruptcy judge did have authority? | The final judgment was affirmed as to the matter for which authority existed, but was reversed as to the intertwined counterclaims based on an absence of *Stern* authority over the counterclaim. |
| *In re Spillman Development Group, Ltd.,* 710 F.3d 299 (5th Cir. 2013). | Whether a bankruptcy judge had the authority to adjudicate a dispute over the interpretation of a credit bid right? | The Court declined to extend *Stern* because the credit bid dispute was inextricably linked to the allowed claims against the Estate. |
| *In re Moore,* 739 F3d 724 (5th Cir. 2014) | Whether the bankruptcy court was required to abstain under a "core/"non-core" distinction? | The universe of "non-core" proceedings is co-extensive with "related to" proceedings. |
| *In re BP RE, L.P.,* 735 F.3d 279 (5th Cir. 2013), *rehearing denied,* 744 F.3d. 1371 (5th Cir. 2014). | Whether parties can "consent" to *Stern* authority? | Consent cannot cure the structural authority issues addressed in *Stern,* "for the same reason that the parties cannot confer on federal courts subject-matter juris-diction beyond the limits imposed by Article III, § 2," *citing Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 851 (1986). |

Case 10-00301   Document 1364   Filed in TXSB on 03/06/15   Page 4 of 6

| Case | *Stern* Issue | Result |
|---|---|---|
| *In re Galaz,* 765 F.3d 426 (5th Cir. 2014). | Whether a bankruptcy judge may issue final judgments concerning claims arising under the Texas Uniform Fraudulent Transfer Act? | Bankruptcy judges may not issue final judgments for claims arising under the Texas Uniform Fraudulent Transfer Act. |
| *In re Lothian Oil, Inc.,* 551 Fed. Appx. 155 (5th Cir. 2014). | Whether bankruptcy judge had *Stern* authority to enforce the terms of a confirmed plan that transferred exclusive rights to a third party? | Bankruptcy judge had continuing authority to enforce its prior orders, and that authority was core. |
| *In re White-Robinson,* --- F.3d ----, 2015 WL 508796 (5th Cir. 2015). | Whether a bankruptcy judge had post-discharge authority to enforce an order issued prior to the debtor's discharge. | Bankruptcy judge had continuing *Stern* authority to enforce the order even though a discharge had been granted. |

None of the eleven opinions are precisely on point. The Fifth Circuit has not been asked to consider the effect of the closing of a bankruptcy case on *Stern* authority. However, three of the opinions --- *BP RE, Lothian Oil, and White-Robinson* primarily guide the Court's decision.

The first guiding principle is that the Court should apply subject-matter jurisdiction principles to *Stern* issues. The Fifth Circuit relied on the well-established rule that parties cannot consent to subject-matter jurisdiction when it held that parties could not consent to the exercise of Article III authority by an Article I judge. *In re BP RE, L.P.,* 735 F.3d 279 (5th Cir. 2013)*, rehearing denied,* 744 F. 3d. 1371 (5th Cir. 2014).

Subject matter jurisdiction is established at the commencement of a case. It is not lost due to a subsequent change in circumstances, although dismissal may often be appropriate in favor of another forum. *In re Hamlin Properties, Ltd.*, 413 B.R. 540, 543 (Bankr. N.D. Tex. 2009) ("… the Fifth Circuit recognized in *Querner* that 'nothing in the statute governing bankruptcy jurisdiction mandates automatic dismissal of related proceedings upon termination of the underlying bankruptcy case.'") (quoting *In re Querner,* 7 F. 3d 1199 (5th Cir. 1993).

The second guiding principle is that a Court has continuing authority to enforce its own orders and judgments. In *Lothian,* the defendants filed a state court lawsuit alleging a constructive trust over assets that were transferred pursuant to a confirmed plan of reorganization. The general rule is that post-confirmation subject matter jurisdiction is limited. *In re Craig's Stores of Texas, Inc.,* 266 F.3d 388 (5th Cir. 2001). However, in *Lothian,* the Fifth Circuit held that the Court had both subject matter jurisdiction and *Stern* authority to enforce the terms of the confirmed plan. *In re Lothian Oil, Inc.,* 551 Fed.Appx. 155 (5th Cir. 2014).

*White-Robinson* has a similar holding. In that case, the Court had ordered an attorney to pay $25,000.00 in sanctions to Coventry II DDR/Trademark Montgomery Farm, L.P. The sanctions were not paid, and the respondent was eventually held in civil contempt. The respondent alleged that the Court lacked jurisdiction because the debtor had been discharged prior to the issuance of the contempt order. The Fifth Circuit found that the original orders had been issued as part of the bankruptcy court's core authority, and that the Court retained its original authority to enforce the judgment. The discharge was of no consequence to the authority issue. *In re White-Robinson*, --- F.3d ----, 2015 WL 508796 (5th Cir. 2015).

## CONCLUSION

Inasmuch as *Stern* authority persists post-discharge, and is derived from the authority that existed on the date of entry of the original judgment, the Court determines that it has continued *Stern* authority to enforce the judgment that is the subject of this proceeding.

The Court will conduct an evidentiary hearing on all pending motions on March 26, 2015 at 10:00 a.m.

SIGNED **March 6, 2015.**

                                                      Marvin Isgur  
                                    UNITED STATES BANKRUPTCY JUDGE